~~UNITED STATES DISTRICT COURT~~
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABD AL-RAHIM HUSSAIN MOHAMED AL-NASHIRI,<br><br>    Petitioner,<br><br>vs.<br><br>BARACK OBAMA, *et al.*,<br><br>    Respondents. | Filed with Classified<br>Information Security Officer<br>CISO _____<br>Date _____10/12/12_____<br><br><br>Civ. No. 08-1207 (RWR)(EGS) |

### MEMORANDUM ORDER

Pending before the Court is Petitioner Abd Al-Rahim Hussain Mohamed Al-Nashiri's ("Mr. Al-Nashiri") motion to reconsider the classified Memorandum Opinion and Order filed May 7, 2012 (hereinafter "Opinion") (see May 9, 2012 Minute Order) or, alternatively, to stay the Order and amend it to permit an interlocutory appeal. Upon consideration of the motion, the opposition, and the reply thereto, the relevant caselaw, and the record in these proceedings as a whole, and for the reasons set forth herein, petitioner's motion is **DENIED**.

I.    **BACKGROUND**

The factual and procedural history regarding this matter are set forth in the May 7, 2012 Opinion, familiarity with which is assumed. Briefly, in 2011, the government filed an identical request in ten habeas corpus cases brought by detainees at

Guantanamo Bay.  The government notified the Court ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The government sought a finding from the court ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ At the government's request, and by consent of the Merits Judges presiding over the ten underlying habeas cases, the motions were transferred to the undersigned for coordinated consolidation and resolution.  Most of the detainees opposed the government's request; some filed joint oppositions, and some filed individual oppositions.

On May 7, 2012, this Court issued its Opinion and Order granting the government's request but imposing additional conditions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ upon the government ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mr. Al-Nashiri is the sole petitioner who has moved to reconsider, stay, or for certification of interlocutory appeal.  His motion is ripe for determination by the Court.

2

## II. STANDARD OF REVIEW

Motions for reconsideration of interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Although courts have discretion to reconsider their interlocutory orders, they should be "loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal citations and quotation marks omitted). "In particular, a court should grant reconsideration only when the movant demonstrates (1) an intervening change in the law; (2) discovery of new evidence not previously available; or (3) a clear error of law in the first order." *In re Guantanamo Bay Detainee Litig.*, 706 F. Supp. 2d 120, 122-23 (D.D.C. 2010)(internal citations and quotations omitted).

In determining whether to stay an order pending appeal, the Court considers the same four factors it would in resolving a motion for a preliminary injunction: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure the other parties interested in the

proceedings; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citations omitted). "It is the movant's obligation to justify the Court's exercise of such an extraordinary remedy." *Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F. 2d 972, 978 (D.C. Cir. 1985).

Finally, in granting a request for an interlocutory appeal, a district court must certify that the order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. 1292(b). "Although courts have discretion to certify an issue for interlocutory appeal, interlocutory appeals are rarely allowed . . . the movant bears the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002) (citations omitted).

## III. ANALYSIS

Mr. Al-Nashiri has identified no error in this Court's May 2012 Opinion, nor does he argue there has been a change in the law since that time. He does not discuss his likelihood of success on the merits. He does not identify a controlling question of law on which there is a substantial difference of

opinion, nor does he argue that resolution by the Court of Appeals would materially advance the disposition of his habeas corpus litigation. Rather, he argues that his circumstances have changed since this matter was previously considered by the Court – namely, he "now faces an active capital murder prosecution in military commissions proceedings in Guantanamo Bay." Motion at 3. Mr. Al-Nashiri argues that ████████████████ ████████████ would interfere with his due process rights in his military commissions prosecution. Specifically, he claims ██ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██ Accordingly, he requests that the Court reconsider, stay, and or certify its Opinion for appeal, and he additionally requests ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

The government responds that Mr. Al-Nashiri's circumstances have not changed in any material manner: when he filed his opposition to the government's original motion in 2011, he was already aware he could face capital charges in the military

5

commission proceedings and brought that fact to the Court's attention at least three times. Gov't Opp'n to Mot. for Reconsid. at 6 (citing Mr. Al-Nashiri's Opp'n filed May 27, 2011 at 2, 3, 8). More fundamentally, the government argues that this Court's May 2012 decision governs the government's rights and obligations ▓▓▓▓▓▓▓▓ *in the habeas proceedings only*. The government is correct. Indeed, in their initial filings in this matter in 2011, many of the petitioners asked the Court to reject the government's request ▓▓▓▓▓▓▓▓ because ▓▓▓▓▓▓▓▓ could be relevant to other tribunals' - such as the Military Commissions - consideration ▓▓▓▓▓▓▓▓ in other proceedings. The Court rejected this claim, noting that "these arguments fall outside the scope of petitioners' *habeas* review." Opinion 16. The government argues - and Mr. Al-Nashiri does not dispute - that:

> There is no legal basis for the Court to supervise ▓▓▓▓▓▓▓▓ for military commission proceedings, nor is there any reason for the Court to do so. The Court's May 9, 2012 Order has no effect on any obligations the Government may have ▓▓▓▓▓▓▓▓ in military commission proceedings, or any corresponding rights Petitioner might potentially assert in such proceeding.

Gov't Opp'n at 7. The Court agrees with the government that it does not have jurisdiction to order ▓▓▓▓▓▓▓▓ in military commission proceedings. The only issues this Court resolved - and, so far as the Court is aware, the only issues it had the power to resolve - concerned the

6

parties' rights and obligations with respect to ▬▬▬ ▬▬▬ in proceedings in this court, namely, the petitions for *habeas corpus*. As a necessary corollary, therefore, this Court could only determine the government's rights ▬▬▬ ▬▬▬ as relates to the *habeas* proceedings. The May 2012 Opinion does not impact the parties' rights or obligations under any other law, or in any other proceedings. Accordingly, Mr. Al-Nashiri's prosecution before the military commission does not constitute grounds for reconsideration, stay, or certification for interlocutory appeal.

Finally, the Court turns to Mr. Al-Nashiri's additional request for relief, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬ Essentially, counsel request that they be excused from their obligations under the Top Secret/Sensitive Compartmented Information Orders entered by Judge Hogan in *In re: Guantanamo Bay Detainee Litig.*, Case 08-mc-442, which prohibit petitioners' counsel from disclosing such information. See Doc. 1496. Petitioner's request is denied. Judge Hogan's protective orders are not before this Court: the sole issue transferred to the undersigned is the government's obligations under certain ▬▬▬ orders in the *habeas* proceedings.

7

Moreover, even if the protective orders were before this Court, Mr. Al-Nashiri's counsel have provided no basis for overturning the orders; as discussed above, this Court's May 2012 Opinion does not govern the parties' rights or obligations in the military proceedings.



IV. CONCLUSION

For the foregoing reasons, Mr. Al-Nashiri has not met his heavy burden to prevail on his motion for reconisderation, for stay pending appeal, or for certification of interlocutory appeal. Accordingly, it is hereby **ORDERED** that petitioner's motion is **DENIED**.

Signed:    Emmet G. Sullivan
             United States District Judge
             October 11, 2012