UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____   )
                              )
**ABD AL-RAHIM HUSSAIN**      )
**MOHAMMED AL-NASHIRI**,      )
                              )
        Petitioner,           )
                              )   Civil Action No. 08-1207 (RWR)
        v.                    )
                              )
**BARACK OBAMA, et al.**,     )
                              )
        Respondents.          )
_____   )

### MEMORANDUM OPINION AND ORDER

Guantánamo detainee Abd Al Rahim Hussayn Muhammad Al Nashiri submitted an amended petition[1] seeking a writ of habeas corpus, arguing that the respondents' attempts to try him by military commission would exceed the limits imposed by Congress and the Constitution on the military's authority to act in lieu of courts of law because none of the crimes alleged against Al Nashiri occurred in the context of a recognized war.  Al Nashiri moves for a preliminary injunction preventing the respondents from trying him by military commission before the merits of his habeas petition are decided.  The respondents oppose Al Nashiri's motion, and move to hold his habeas petition in abeyance during the duration of his military commission trial.  Because traditional principles of comity and judicial economy support abstaining from exercising equitable jurisdiction over

---

[1] Al-Nashiri's motion [230] for leave to file an amended petition seeking a writ of habeas corpus will be granted.

Al Nashiri's habeas petition during the pendency of his military commission trial, the respondents' motion to hold in abeyance will be granted, and Al Nashiri's motion for a preliminary injunction will be denied.

## BACKGROUND

Al Nashiri is a Saudi national who was seized in October 2002 by local authorities in the United Arab Emirates. Petr.'s Supp. Pet. for Habeas ("Petr.'s Supp. Pet.") ¶¶ 5, 13. He was eventually taken into the custody of the Central Intelligence Agency ("CIA") in 2002. Id. ¶ 13. In May 2003, while Al Nashiri was in CIA custody, the United States named him as an unindicted co-conspirator in a criminal indictment in the Southern District of New York. That indictment alleges that he was part of a terrorist group in Yemen that conspired to bomb marine vessels, including the U.S.S. Cole and U.S.S. The Sullivans. In September 2006, Al Nashiri was publicly transferred to the U.S. Naval Station at Guantanamo Bay. Id. In December 2008, a Department of Defense civil servant referred to as the "Convening Authority,"[2] drafted eight charges against

---

[2] Under the Military Commissions Act, 10 U.S.C. §§ 948a et seq., the Secretary of Defense is authorized to "establish military commissions" to conduct proceedings regarding charged "offenses triable by military commission . . . ." 10 U.S.C. §§ 948b(b), 948h. The Secretary has delegated the responsibility to establish commissions to a "Convening Authority," who is an employee of the Department of Defense. See Petr.'s Supp. Pet. ¶ 9. The Convening Authority creates commissions by issuing orders alleging charges and designating military officers who

Al Nashiri for trial by military commission in February 2009 under the version of the Military Commissions Act in force at the time.  In January 2009, however, President Obama issued an executive order to review the military commission system in Guantanamo, and the charges filed in December 2008 were withdrawn without prejudice in January 2009.  Id. ¶ 14.

On April 20, 2011, Col. Edward Regan sent another charging document to the Convening Authority seeking to bring 11 charges against Al Nashiri for military commission trial under the Military Commissions Act of 2009, 10 U.S.C. §§ 948a et seq., based on conduct that occurred between 1996 and 2002.  The Convening Authority can issue charges for actions that are "committed in the context of and associated with hostilities." Hostilities include any conflict subject to the laws of war. 10 U.S.C. §§ 950p(c), 948a(9).  The convening Authority can issue charges only against people who are not U.S. Citizens.  10 U.S.C. § 948c ("Any alien unprivileged enemy belligerent is subject to trial by military commission").

On July 15, 2011, Al Nashiri filed a formal request to the Convening Authority to not convene a military commission trial against Al Nashiri for the offenses alleged in the charging document arguing that they neither occurred in the context of

---

serve as the jury to recommend a verdict on the charges and an upper range of punishment, which is then reviewed by the Convening Authority.  10 U.S.C. § 948i, 950b.

- 4 -

were related to the hostilities mentioned in 10 U.S.C. § 950p(c). However, on September 15, 2011, the Convening Authority issued charges based on nine of the 11 allegations contained in the charging document. Petr.'s Supp. Pet. ¶ 23. Those nine charges are the current charges pending against Al Nashiri and carry a maximum penalty of death. They allege he played a role in three attacks allegedly perpetrated by al Qaeda: the 2000 attempted bombing of the United States Navy destroyer USS The Sullivans; the October 2000 bombing of the United States Navy destroyer USS Cole that killed seventeen American sailors; and the 2002 bombing of a French oil tanker that killed one crew member. See Respts.' Cross-Mot. to Hold in Abeyance ("Respts.' Mot."), Exhibit A ("Charge Sheet"). The charges also allege that Al Nashiri "assisted in [an] Al Qaeda plot, simultaneous attacks on United States embassies in Kenya and Tanzania in East Africa[.]" Charge Sheet at 7, Charge V ¶ 5. On August 30, 2012, Al Nashiri moved before the military commission's chief trial judge to have the charges against him dismissed because the events they were based upon were not hostilities countenanced by 10 U.S.C. § 950p(c). Petr.'s Supp. Pet. ¶ 24. The chief trial judge denied that motion in January 2013. Id.

Al Nashiri now moves to amend his petition for habeas corpus to add claims seeking judicial review of the lawfulness of the military commission trial against him, and moves for an

injunction halting the military commission trial.  Al Nashiri argues that none of the crimes that are alleged against him took place in the context of a recognized war, and that without connection to a recognized armed conflict, the military cannot "remove" his habeas case from the federal courts and adjudicate it within a military commission.  Petr.'s Supp. Pet. ¶ 1.  The respondents oppose those motions, and move to hold in abeyance Al Nashiri's habeas petition for the duration of the military commission trial.

## DISCUSSION

The Supreme Court has held that since habeas is an equitable remedy, prudential concerns such as comity and the orderly administration of justice may "'require a federal court to forgo the exercise of its habeas corpus power.'"  Munaf v. Geren, 553 U.S. 674, 693 (2008) (quoting Francis v. Henderson, 425 U.S. 536, 539 (1976)).  "'Federal courts normally will not entertain habeas petitions by military prisoners unless all available military remedies have been exhausted.'"  Khadr v. Obama, 724 F. Supp. 2d 61, 64-65 (D.D.C. 2010) (quoting Schlesinger v. Councilman, 420 U.S. 738, 758 (1975)); see also Al Odah v. Bush, 593 F. Supp. 2d 53, 57 (D.D.C. 2009) (stating that "[c]ourts ordinarily abstain from considering habeas petitions or requests for other equitable relief prior to the conclusion of a defendant's criminal proceedings").  "This is so because 'implicit in the

Congressional scheme' creating the military court system is the view that the 'system generally is adequate to and responsibly will perform its assigned task.'" Khadr, 724 F. Supp. 2d at 65 (quoting Councilman, 420 U.S. at 758). "'Abstention, then, ensures that federal courts respect Congress's decision to create[ ] an integrated system of military courts and review procedures.'" Id. (quoting Councilman, 420 U.S. at 758).

Abstention under Councilman "is appropriate only to the extent that this Court's consideration of [Al Nashiri's habeas petition] would interfere with the military commission proceeding." Id. at 66. "Such interference is possible where the claims raised in a habeas petition could overlap with the military commission's inquiries." Id. (citing Al Odah, 593 F. Supp. 2d at 59). Here, the military commission is expressly charged with determining whether Al Nashiri's charged acts fall within the coverage of the statute. See 10 U.S.C. § 948d. The military commission must determine whether Al Nashiri was an "alien unprivileged enemy belligerent." 10 U.S.C. § 948c. An "unprivileged enemy belligerent" is defined under the Military Commissions Act as an individual who is not a citizen of the United States, who is not a prisoner of war under the Third Geneva Convention, and who: "(A) has engaged in hostilities against the United States or its coalition partners; (B) has purposefully and materially supported hostilities against the

United States or its coalition partners; or (C) was a part of al Qaeda at the time of the alleged offense." 10 U.S.C. § 948a(1),(6),(7). Al Nashiri's primary challenge to his detention in his supplemental habeas petition is that his charged conduct is not covered by the statute. <u>See</u> Petr.'s Supp. Pet. ¶¶ 1, 27 (stating that "[n]one of the factual allegations against Petitioner relate to events that occurred 'in the context of and were associated with hostilities[.]'"). That determination necessarily overlaps with a prime determination the military commission must make. Proceeding with the habeas petition, then, would interfere with the military commission trial.

Al Nashiri advances several arguments against the respondents' motion.[3] He asserts that abstention is improper here because the military commission trial is not a substitute that provides Al Nashiri the same relief - - namely, release from captivity that the habeas petition provides. Petr.'s Opp'n to Respts.' Mot. ("Petr.'s Opp'n") at 3. However, "the fact that

---

[3] Because the respondents' motion to stay will be granted, Al Nashiri's motion for a preliminary injunction will be denied as moot. In any event, Al Nashiri has failed to show irreparable injury. In his motion for a preliminary injunction, Al Nashiri argues that he would be irreparably harmed by allowing the military commission trial to proceed while his habeas petition is pending. Petr.'s Mot. for Prelim. Injunc. at 19-25. However, "[t]he inconvenience of any criminal prosecution, including those associated with the military commissions, is insufficient, standing alone, to warrant federal court intervention." <u>Al Odah</u>, 593 F. Supp. 2d at 58 (citing <u>Younger v. Harris</u>, 401 U.S. 37, 46 (1971)).

'military commissions . . . are convened to consider whether [an individual has] violated the laws of war and not whether [he] should be released from custody' does not alter the abstention analysis." Khadr, 724 F. Supp. 2d at 68 n.10 (quoting Al Odah, 593 F. Supp. 2d at 59). Al Nashiri also argues that the military commission trial will not provide him with meaningful relief for any potential complaints about his medical care or treatment in confinement, nor would it provide timely judicial review. Petr.'s Opp'n at 11-14. Al Nashiri further argues that the military commission trial will not meaningfully remedy any potential interference with Al Nashiri's attorney-client relationship, id. at 15-18, and would preclude him from developing a fulsome factual record, id. at 19-20. However, Al Nashiri provides no authority showing that courts' traditional deference to military commission trials is based on the proposition that those trials offer identical protections and procedures that are present in habeas proceedings or civilian criminal trials. For example, the military court system that the Court in Councilman deemed sufficient "to vindicate servicemen's constitutional rights" itself did not incorporate identical protections to those available at civilian criminal trials. Councilman, 420 U.S. at 757-758.

Here, Al Nashiri's military commission trial will occur in a system established by Congress that constructs safeguards aimed

at protecting Al Nashiri's interests.  For example, Al Nashiri will be guaranteed the assistance of an appointed military counsel as well as the right to retain civilian counsel.  <u>See</u> 10 U.S.C. §§ 948k, 949c.  He will have the right to challenge for cause any and all members of the military commission itself and the appointed judge.  10 U.S.C. § 949f.  He will be entitled to invoke the presumption of innocence, to engage in discovery, to obtain and present exculpatory evidence, and to call witnesses on his behalf.  10 U.S.C. §§ 949j, 949l(c)(1); <u>see</u> <u>also</u> <u>Khadr</u>, 724 F. Supp. 2d at 66 ("the Military Commissions Act of 2009 gives a defendant [t]he opportunity to obtain witnesses and evidence . . . comparable to the opportunity available to a criminal defendant in a court of the United States under Article III of the Constitution") (internal quotation omitted).  Further, the military commission system guarantees an appeal of right to the U.S. Court of Appeals for the District of Columbia Circuit, a court "consisting of civilian judges 'completely removed from all military influence or persuasion,'" <u>cf.</u> <u>Councilman</u>, 420 U.S. at 758, with respect to "matters of law, including the sufficiency of the evidence to support the verdict[,]" and to determine the validity of a final judgment rendered by a military commission and approved by the Convening Authority.  10 U.S.C. § 950g.  The military commission trial contains sufficient procedures and protection to warrant abstention by this court.

Case 1:08-cv-01207-RWR   Document 251   Filed 12/29/14   Page 10 of 10

- 10 -

CONCLUSION

Because traditional principles of comity and judicial economy support abstaining from exercising equitable jurisdiction over Al Nashiri's habeas petition while his military commission trial is pending, it is hereby

ORDERED that the respondents' motion [237] to hold Al Nashiri's habeas petition in abeyance be, and hereby is, GRANTED.  The clerk is DIRECTED to STAY and ADMINISTRATIVELY CLOSE this case.  It is further

ORDERED that the parties be, and hereby are, DIRECTED to file a joint status report and proposed order within ten days after the petitioner's military commission trial is concluded.  It is further

ORDERED that the petitioner's motion [228] for a preliminary injunction be, and hereby is, DENIED.  It is further

ORDERED that the petitioner's motion [230] for leave to amend his petition for habeas be, and hereby is, GRANTED.  It is further

ORDERED that the motion [232] for leave to file an amicus brief and the motion [244] for proposed amici to participate in oral argument be, and hereby are, DENIED without prejudice.

SIGNED this 29th day of December, 2014.

                                          /s/
                                   RICHARD W. ROBERTS
                                   Chief Judge