**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

_____

ABD AL-RAHIM HUSSAIN            )
   MOHAMMED AL-NASHIRI,       )
                             )
             Petitioner,       )
        v.                 )
                             )   Civil Action 08-cv-1207 (RCL)
                             )
DONALD J. TRUMP, et al.,           )
                             )
           Respondents.   )
_____)

**REPLY SUPPORTING RESPONDENTS' MOTION TO DISMISS PETITIONER'S
SECOND SUPPLEMENTAL PETITION FOR A WRIT OF HABEAS CORPUS**

      This case is stayed, the Court having abstained under the doctrine of <u>Schlesinger v.
Councilman</u>, 420 U.S. 738 (1975), from consideration of Petitioner's first supplemental petition
for a writ of habeas corpus.  <u>al-Nashiri v. Obama</u>, 76 F.Supp.2d 218, 221-223 (D.D.C. 2014)
(Roberts, Ch. J.).  That decision has been affirmed, the Court of Appeals extending the
abstention doctrine of <u>Councilman</u> not only to Guantanamo Bay military commissions in
general, but to Petitioner's commission proceeding in particular.  <u>In re al-Nashiri</u>, 835 F.3d 110,
121-135 (D.C. Cir. 2016) ("<u>In re al-Nashiri II</u>").  In so extending that doctrine, the Court of
Appeals held specifically that the military-commission system enacted by Congress in the
Military Commissions Act of 2009,[1] would adequately protect Petitioner's rights without pre-
trial intervention by a habeas court.  <u>Id</u>. at 121-125.  And the Court predicated that adequacy, in
large part, on Petitioner's ability to appeal as of right any military-commission conviction to the
D.C. Circuit itself.  <u>Id</u>. at 124.

---

[1] Pub. L. No. 111-84, 123 Stat. 2190 (codified at 10 U.S.C. §§ 948a, et seq.) (2009 MCA or
MCA).

As set out in out in detail in Respondents' Motion to Dismiss,[2] nothing in Petitioner's Second Supplemental Petition for a Writ of Habeas Corpus ("Second Supplemental Petition")[3] suggests that this Court should lift the stay in this case or ignore the instruction of the Court of Appeals to abstain from intervening in Petitioner's military-commission proceeding.  Rather, as Respondents have argued, the Court should dismiss or abstain from resolving the claims raised in the Second Supplemental Petition.  As an initial matter, this Court lacks jurisdiction to consider these claims for either of two reasons.  Br. at 20-22.  First, because none of Petitioner's current claims sound in habeas, this Court's jurisdiction to entertain a collateral attack on Petitioner's trial by military commission was withdrawn by statute.  See 28 U.S.C. § 2241(e)(2).  And second, because the MCA channels review of Petitioner's claims against his commission to the D.C. Circuit, precedent instructs that this Court lacks jurisdiction to consider the claims.  See Telecomms. Research & Action Ctr. v. F.C.C., 750 F2d 70, 74-77 (D.C. Cir. 1984) ("TRAC").  Alternatively, the Court may simply and properly choose to abstain, as the Court of Appeals has instructed it to do.  Br. at 22-36; see In re al-Nashiri II, 835 F.3d at 138.  But in no event would it be proper for this Court to entertain Petitioner's claims now.

Nothing in Petitioner's opposition undermines that conclusion.[4]  As for jurisdiction, Petitioner fails to counter Respondents' argument that his claims fall far from the core of habeas and, so, 28 U.S.C. § 2241(e)(2) has withdrawn jurisdiction for their consideration here.  And Petitioner cannot distinguish TRAC, leaving its application to this matter intact.

---

[2] Resps.' Mot. to Dismiss Petr.'s 2d Suppl. Pet. for a Writ of Habeas Corpus (Dec. 7, 2017) (ECF No. 288) ("Motion" or "Brief").

[3] See Notice of Filing (Nov. 14, 2017) (ECF No. 286).

[4] Reply Supp'g Petr.'s Suppl. Pet. for a Writ of Habeas Corpus (Dec. 14, 2017) (ECF No. 290) ("Opposition").

As for abstention, Petitioner fails to fully credit the D.C. Circuit's holding that the military-commission system is fully adequate to protect his rights—including the claims he asserts here.  Moreover, in seeking to justify an exception to abstention, he distorts the holdings of In re al-Nashiri II.  But his claims simply do not square with the extraordinary circumstances that the Court of Appeals has explained are necessary to justify such an exception.  Rather, each of the three claims that Petitioner has raised—equal protection, personal jurisdiction, lack of counsel—are typically addressed post-conviction either on appeal or through post-appeal habeas. See McLaughlin v. Florida, 379 U.S. 184 (1964) (appeal from state conviction; equal protection); Vasquez v. Hillery, 474 U.S. 254 (1986) (post-judgment habeas from state conviction; equal protection); United States ex rel. Hirshberg v. Cooke, 336 U.S. 210 (1949) (post-judgment habeas from court-martial, personal jurisdiction); Coleman v. Alabama, 399 U.S. 1 (1970) (post-judgment habeas from state conviction, lack of counsel). Petitioner offers the Court no reason to diverge from such a regime here.

In summary, Petitioner simply is before this Court too soon.  The claims he seeks to have adjudicated now should instead be presented to the military commission (if they have not already been) and then, if Petitioner is convicted, on appeal to the United States Court of Military Commission Review ("USCMCR") and the D.C. Circuit.  Habeas jurisdiction in this Court would be appropriate—if at all—only then.  Respondents, therefore, respectfully request that the Court grant their motion and either dismiss or abstain from considering Petitioner's Second Supplemental Petition.

## I.     THIS COURT LACKS JURISDICTION TO CONSIDER THE SECOND SUPPLEMENTAL PETITION

As stated in Respondents' Motion to Dismiss, this Court lacks jurisdiction to consider the claims raised in the Second Supplemental Petition either under the habeas statute, 28 U.S.C.

§ 2241(e)(2), or under the Circuit precedent reflected in <u>TRAC</u>.  Br. at 20-22.  Petitioner's

opposition brief fails to undermine either of these bars to consideration of his claims.

Consequently, the Court should dismiss the Second Supplemental Petition on either ground.

1.      First, through 28 U.S.C. § 2241(e)(2), Congress withdrew jurisdiction from the federal

courts to entertain any non-habeas claims by a Guantanamo Bay detainee such as Petitioner

"relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement"

of the detainee.  28 U.S.C. § 2241(e)(2); <u>see</u> <u>Slahi v. Obama</u>, 2015 WL 9216557 (D.D.C.) at *1

(Lamberth, J.).  Thus, for this Court to have jurisdiction, Petitioner's claims must sound in

habeas.  <u>Slahi</u>, 2015 WL 9216557 at *1; Br. at 21.  And in that regard, the fact or duration of

detention lies at the core of habeas.  Br. at 21; <u>see</u> <u>Skinner v. Switzer</u>, 562 U.S. 521, 534 (2011)

(questioning whether habeas is even an available remedy where the relief sought would "neither

terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of

custody") (internal quotation and citation omitted).

        Here, as Respondents noted, none of Petitioner's claims challenge the character,

condition, or duration of his confinement.  Br. at 21.  Rather all his claims—lack of counsel,

equal protection, personal jurisdiction—merely challenge either the military-commission judge's

rulings on pre-trial motions or the judge's current management of the case's docket.  As such,

these claims sound not in habeas, but rather seek other relief—essentially interlocutory appellate

relief—relating to aspects of Petitioner's trial and, so, are barred by section 2241(e)(2).

        Petitioner cannot evade this conclusion by asserting that if this Court were to dissolve his

military commission, then, under the applicable executive order,[5] he would become entitled to

receive reviews by a Periodic Review Board.  Opp'n at 8-9.  For this Court has already held that

---

[5] Exec. Order 13,567, 76 Fed. Reg. 13,277 (Mar. 7, 2011).

a detainee's claim of entitlement to a Periodic Review Board does not sound in habeas and, thus, is barred by section 2241(e)(2). Slahi, 2015 WL 9216557 at *2-3 (noting that such "'probabilistic claims may not even lie within the bounds of habeas, much less its core'") (quoting Davis v. U.S. Sentencing Comm'n, 716 F.3d 660, 665-666 (D.C. Cir. 2013)).

Petitioner also cannot evade the bar of section 2241(e)(2) by asserting that Chief Judge Roberts has denied the section 2241(e)(2) argument implicitly. Opp'n at 4-5. That assertion is incorrect. This Court's prior opinion abstaining from consideration of the claims raised in Petitioner's first supplemental petition simply did not address the section 2241(e)(2) argument. See 76 F.Supp.2d at 218-224. Nor did it have to. For even if, as Petitioner asserts, a court "should" decide a purely jurisdictional challenge before addressing an abstention argument, Opp'n at 5, the Court of Appeals has not required in this context that the court must do so. In fact, the D.C. Circuit expressly approved Chief Judge Roberts's decision to abstain while not considering Respondents' jurisdictional argument, noting "'a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.'" In re al-Nashiri II, 835 F.3d at 117 n.1 (quoting Sinochem Int'l Co. v. Malay Int'l Shipping Corp., 549 U.S. 422, 431 (2007)). Thus, all that can be said of both Chief Judge Roberts's earlier decision to abstain, and the D.C. Circuit's affirmance of that decision, is that neither granted nor denied Respondents' section 2241(e)(2) argument; rather, neither court expressed any opinion on the merits of the argument at all. See 835 F.3d at 117 n.1.

Accordingly, because Petitioner's claims lie well beyond challenges to the propriety, duration, or conditions of his confinement, section 2241(e)(2) withdraws from this Court jurisdiction to consider those claims.[6]

2.      Second, under the teaching of the Court of Appeals in TRAC, this Court lacks jurisdiction over the claims raised in the Second Supplemental Petition.  Here, Congress has vested the D.C. Circuit with "exclusive jurisdiction to determine the validity of a final judgment by a military commission."  10 U.S.C. § 950g.  As explained in TRAC and in Respondents' Motion to Dismiss, by doing so, Congress has effectively channeled the three claims Petitioner presents here to the Court of Appeals, either on mandamus, if appropriate, or ultimately on appeal.  See 750 F.2d at 74-79 (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals); id. at 79-81 (considering mandamus petition seeking to compel action by agency); see

---

[6] At best, even under Petitioner's interpretation of the scope of habeas, see Opp'n at 6, only his claim that he is not an unprivileged enemy belligerent, and thus that the military commission lacks personal jurisdiction over him, would be within those bounds.  Petitioner's other claims, based on equal protection and lack of counsel, do not implicate personal jurisdiction or proper habeas jurisdiction at all.  The equal-protection claim challenges not the power of Congress to provide for the trial of aliens before a military commission, but only the fairness of doing so in a certain forum.  Cf. Batson v. Kentucky, 474 U.S. 254 (1986) (equal-protection violated because purposeful exclusion of African-Americans from jury rendered forum unfair); In re al-Nashiri II, 835 F.3d at 124 (acknowledging Congress's power to provide for the trial of alien unprivileged enemy belligerents before military commissions).  (And contrary to Petitioner's assertion, the Government has never conceded that his equal-protection claim is jurisdictional, see infra note 11).  And the lack-of-counsel claim self-evidently does not raise a jurisdictional issue, as Petitioner concedes.  See Opp'n at 14-17 (noting this claim alleges merely that Petitioner cannot currently fully and fairly litigate his case).  Thus, even under Petitioner's view, this Court would have jurisdiction only over his claim that he is not an unprivileged enemy belligerent (and as to that claim, the Government would urge the Court to abstain, see infra pp. 10-13; Councilman, 420 U.S. at 754 (noting that while federal courts might have jurisdiction to entertain a challenge to a court-martial, the question remains whether they should do so)).

<u>also</u> Br. at 21-22.  Consequently, this Court lacks jurisdiction to consider any of Petitioner's three claims.

Petitioner's two arguments in response are unavailing.  First, by removing jurisdiction-withdrawing language from 10 U.S.C. § 950j(b), Congress did not impliedly repeal the effect of <u>TRAC</u>.  <u>See</u> Opp'n at 7.  Rather, in the MCA, Congress channeled military-commission appeals to the D.C. Circuit, thus making the statute subject to interpretation under all relevant Circuit precedent.  Congress first enacted the MCA in 2006, and amended it in 2009, in either case over 20 years after <u>TRAC</u>.  Accordingly, it must be presumed that Congress intended the D.C. Circuit to interpret the MCA in light of <u>TRAC</u>, for it is well-settled that Congress is presumed to enact legislation with full awareness of the precedent that might affect it.  <u>E.g.</u>, <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003).  Thus, the change effected by Congress to section 950j(b) when amending the MCA in 2009 does not undermine the binding guidance reflected in <u>TRAC</u>, which teaches that this Court lacks jurisdiction over Petitioner's current, pre-trial challenges to his military-commission proceeding.

Nor are <u>Councilman</u> and <u>TRAC</u> inconsistent.  <u>See</u> Opp'n at 7.  In <u>Councilman</u>, Congress had authorized Article I courts-martial to try service members for certain offenses.  <u>See</u> 420 U.S. 746.  The Supreme Court refused to imply from that authorization, however, that Congress had impliedly repealed jurisdiction from Article III courts to consider collateral attacks on courts-martial proceedings (although it went on to instruct that federal courts should nevertheless abstain from exercising that jurisdiction).  420 U.S. 750-753.  Here, however, the Article III courts have not been deprived of jurisdiction.  Rather, Congress has merely channeled jurisdiction for appellate review of military-commission matters to the Court of Appeals, which is itself an Article III court.  It is that statutory channeling of appellate review that, under the

teaching of the Court of Appeals' decision in <u>TRAC</u>, withdraws jurisdiction from this Court to consider any of the three claims that Petitioner raises in his Second Supplemental Petition.

      In sum, the teaching of <u>TRAC</u> applies fully here.  Consequently, remedies for the claims that Petitioner brings currently lie, if in any Article III court at all, in the D.C. Circuit either via extraordinary writ or, if Petitioner is convicted by the military commission, on appeal.

## II.    THE COURT SHOULD ABSTAIN

      Even if the Court were to decide that it has jurisdiction (or choose not to decide that question, 835 F.3d 117 n.1), the Court should abstain.

1.    In support of his argument that the Court should consider his supplemental claims, Petitioner distorts the holding of <u>In re al-Nashiri II</u>.  There, the Court of Appeals held that the military-commission system created by Congress was adequate to fairly and fully try Guantanamo detainees for violations of the laws of war.  835 F.3d at 121-123.  In particular, as the Supreme Court had in <u>Councilman</u>, the Court of Appeals emphasized the need to consider the entire Article I system's structure—including appellate fora—when it found the MCA military-commission system adequate to protect a defendant's rights.  835 F.3d at 123 ("We therefore conclude that . . . the MCA's 'integrated system of military courts and <u>review</u> <u>procedures</u>' . . . is sufficiently adequate to point in favor of abstention.") (quoting <u>Councilman</u>, 420 U.S. at 758, a passage that specifically endorsed the right to appeal to the civilian-judge staffed Court of Military Appeals as part of the "integrated system" found adequate to safeguard service-member's rights) (emphasis added)).[7]  And the Court then also found that even where a federal

---

[7] <u>See</u> <u>also</u> <u>Councilman</u>,420 U.S. at 758 ("implicit in the congressional <u>scheme</u> . . . is the view that the <u>military</u> <u>court</u> <u>system</u> is generally adequate to and responsibly will perform its assigned task" and "this congressional judgment must be respected and that it must be assumed that the <u>military</u> <u>court</u> <u>system</u> will vindicate servicemen's constitutional rights") (emphasis added).

court may have jurisdiction to adjudicate a defendant's rights, there was an important countervailing interest that compelled the court to defer exercising that jurisdiction. Id. 124-128. Consequently, the Court of Appeals extended the well-settled doctrines of Younger v. Harris, 401 U.S. 37 (1971) (federal courts should not interfere with pending state court prosecutions), and Councilman (federal courts should not interfere with pending courts-martial), to the military commissions created by the Military Commissions Act. Id. 121-128.

Once the federal courts have determined, as here, that a coordinate judicial system is adequate to protect federal rights in the first instance, and that an important countervailing interest requires that they not interfere with proceedings in that system, exceptions to the duty to abstain should be necessarily few and narrow. Br. at 31. And at a minimum, they must be grounded on a right not to be tried at all. Id. Some such exceptions have been based on express rights not to be tried, such as those contained in the Double Jeopardy clause, the Speech and Debate clause, or the Grand Jury clause. See id.; 835 F.3d at 131-132.

As for exceptions based on the assertion of other, non-express rights-not-to-be-tried, such exceptions must be especially rare, lest every right seeking a pretrial dismissal in the coordinate system justify an exception to abstention. Br. at 31; see Liberal v. Estrada, 632 F.3d 1064, 1089 (9th Cir. 2011). Thus, the Court of Appeals admonished in In re al-Nashiri II that any exception to Councilman abstention requires an extraordinary circumstance that presents both a "great and immediate" injury and that renders the coordinate court incapable of fully and fairly adjudicating the federal issue before it. 835 F.3d at 128. Were the rule otherwise, it would render meaningless the Supreme Court's holding in Councilman that the "cost, anxiety, and inconvenience" of having to defend a prosecution is insufficient to justify an exception to abstention. 420 U.S. at 755; see 835 F.3d at 128.

Petitioner, however, distorts that admonition, asserting that the Court of Appeals'

reference to exceptions based on extraordinary circumstances was intended merely as a broad

catch-all exception, that is, one among the many exceptions to abstention that the Court

(according to Petitioner) noted might arise.  Opp'n at 13.  Contrary to Petitioner's general point,

however, the Court of Appeals did not acknowledge the existence of multiple exceptions to

abstention; rather, in the relevant passage of its opinion in In re al-Nashiri II, the Court was

merely identifying various arguments that Petitioner did not make.  Br. at 30 & n. 15.  By

seeking to categorize those identified non-arguments as Court of Appeals-sanctioned exceptions

to abstention, Petitioner presumes too much.  In any event, as explained above, the Court was

clear that exceptions to abstention must be grounded in the extraordinary circumstances of both a

great injury based on a right not to be tried at all, and the inability of the coordinate system to

fully and fairly adjudicate federal issues.  Given these dual requirements, any exceptions to

abstention would necessarily be few and far between.

 2.    Petitioner nonetheless asserts that his three claims raised in the Second Supplemental

Petition qualify for exceptions to Councilman abstention.  Petitioner is in error.

      As for Petitioner's personal-jurisdiction claim (that he is not an unprivileged enemy

belligerent), [8] the claim cannot fit within the possible personal-jurisdiction exception discussed in

Councilman. [9]  That discussion sought to distinguish several prior cases in which the Court had

---

[8] Petitioner has never before asserted this claim in any forum.  He has never challenged his
designation as an alien unprivileged enemy belligerent before the military commission.  See Br.
for Appellee, United States v. al-Nashiri, No. 14-001, at 17 (U.S.C.M.C.R. Oct. 14, 2014)
(acknowledging that Mr. al-Nashiri "has not yet challenged personal jurisdiction").  Nor has he
ever raised this challenge in any of his prior collateral attacks.  See Br. at 10-12.

[9] Petitioner notes that the Government has opposed his prior collateral attacks on his military
commission by asserting that abstention was appropriate because he had not challenged personal
jurisdiction.  Opp'n at 9-10.  Having now brought a challenge he characterizes as one of personal

permitted the federal courts to intervene in pending courts-martial of civilians.  420 U.S. at 759.

The distinguishing feature in each case was that the Supreme Court had held that Congress had

exceeded its power under Article I when it sought to permit the military to try civilians.  See id.

Accordingly, the Court noted that these cases had raised "substantial arguments" that the military

had no right to try the petitioners at all, the substantiality of those arguments turning on the

civilian status of the persons whom the military attempted to try and on the lack of congressional

power to permit the military to do so.  Id.

 At best, this discussion suggests that there may be a narrow exception to abstention when

a petitioner challenges the power of Congress to submit a class of individuals to trial by an

Article I tribunal.  Nevertheless, Petitioner attempts to extrapolate from the discussion in

Councilman a broad personal-jurisdiction exception to abstention, one that would permit a

federal court to consider in habeas any pretrial claim of defect in a coordinate court system, so

long as the claim talismanically asserts that it pertains to personal jurisdiction.  See Opp'n at 9-

11.

---

jurisdiction, Petitioner complains that the Government is "attempt[ing] to move the goal post yet
again."  Id. at 12 n.1.  Not so.  Petitioner's prior collateral attacks challenged the military-
commission's subject-matter jurisdiction over the offenses with which he was charged, in
particular that they did not arise in the context of hostilities.  See Br. at 10-12.   But Councilman
had specifically rejected subject-matter jurisdiction as a possible justification for an exception to
abstention, 420 U.S. at 754, while suggesting that a personal-jurisdictional challenge of sufficient
substance might warrant an exception, id. at 759.  Consequently, to respond to Petitioner's prior
collateral attacks, the Government needed to argue only that Petitioner had not presented a
personal-jurisdiction claim.  Petitioner has now repackaged his subject-matter jurisdiction claim
into one of personal jurisdiction.  See 2d Suppl. Pet. at 34-52 (current claim); Opp'n at 11; see
Br. at 8-12 (listing past subject-matter jurisdiction claims).  So for the first time, the scope of any
personal-jurisdiction exception to abstention is now relevant.  Accordingly, the Government has
not moved any goal posts.  Rather, as set out above, Petitioner simply remains out of field-goal
range.

But such a broad extrapolation cannot be reconciled with the narrowness of the exception discussed in Councilman, based as it was on a question of the constitutional power of Congress to subject a class of individuals to trial by an Article I tribunal.  Moreover, such a broad exception to abstention would gut the deference Councilman instructs the Article III courts to exercise towards Article I judicial systems, at least towards those systems like the MCA military commissions that have been found adequate to protect a defendant's rights.  See In re al-Nashiri II, 835 F.3d at 122-26 (finding the MCA's integrated trial-and-appeal system adequate to protect Petitioner's rights and noting "need for federal courts to avoid exercising their equitable powers in a manner that would unduly impinge on the prerogatives of the political branches in the sensitive realm of national security").  For such a broad exception would permit any Article I defendant to seek a pre-trial, interlocutory opinion from an Article III court concerning whether the Article I tribunal had personal jurisdiction.  But the D.C. Circuit has been clear that this cannot be the case, noting "we cannot conclude that the status exception covers all non-trivial jurisdictional challenges that a military-commission defendant might raise."  In re al-Nashiri II, 835 F.3d at 134 (emphasis in original).

In apparent recognition of the narrowness of the Councilman discussion, Petitioner argues alternatively that he has challenged the power of Congress to submit him to trial before a military commission.  Opp'n at 12-13.  Petitioner asserts that if 10 U.S.C. § 948c (which defines "unprivileged enemy belligerent") were interpreted to include him, then Congress would have exceeded its powers.  Opp'n at 12-13; 2d Suppl. Pet. at 48-52.  But this is not an argument that Congress has exceeded its power, for Petitioner concedes that Congress may try unprivileged enemy belligerents by military commissions so long as the offenses that they are alleged to have committed are tied to existing hostilities.  See 2d Suppl. Pet at 34-36; see also In re al-Nashiri II,

835 F.3d at 124 (noting Congress exercised its legitimate prerogatives when deciding to try

certain belligerents by military commission). [10]  Rather, this is the more mundane argument that

Petitioner is simply not a member of the class over which he concedes Congress has properly

exercised its power and, so, that a court would commit error to include him in that class.

But that argument is not "substantial" enough to entitle Petitioner to an exception from

abstention.  As Respondents have pointed out, every court to have considered this argument has

abstained, holding that it is properly a matter for the military commission to decide in the first

instance.  Br. at 32; see Khadr v. Obama, 724 F. Supp. 2d 61, 69 n. 11 (D.D.C. 2010); al Odah v.

Bush, 593 F. Supp. 2d 53, 60 (D.D.C. 2009); Hamdan v. Gates, 565 F. Supp. 2d 130, 136-37

(D.D.C. 2008).  And the Court of Appeals has specifically held that consideration of this

argument by an Article III court should properly await appeal.  Khadr v. United States, 529 F.3d

1112, 1117-18 (D.C. Cir. 2008).

In summary, Petitioner does not assert a "substantial" personal-jurisdiction claim, one

that challenges the constitutional power of Congress to submit him to trial before a military

commission.  Accordingly, the Court should abstain from considering this claim.

---

[10] The acknowledged power of Congress to submit unprivileged enemy belligerents to trial
before a military commission renders Petitioner's analogy to Reid v. Covert inapt.  Opp'n at 12-
13.  In Reid, the petitioners were concededly members of a group—civilians—and the issue was
whether Congress had power of Congress to compel that group to submit to trial by a non-Article
III tribunal.  357 U.S. 1, 3 (1957).  Here, the issue is whether Petitioner is a member of a group
that he concedes Congress has power to try before a military commission.  Thus, the more apt
analogy would be to a case where Congress has properly exercised its power to submit a group to
non-Article III adjudication—say service members to trial by courts-martial—and the petitioner
challenges not Congress's power, but that he is a service member and so not properly subject to
military jurisdiction.  See Hennis v. Hemlick, 666 F.3d 270 (4th Cir. 2012) (affirming Councilman
abstention in such circumstances).

3.      As for Petitioner's remaining two claims, neither presents an "extraordinary

circumstance" reflecting a right not to be tried at all.  Regarding Petitioner's equal-protection

claim (that Congress has discriminated against aliens by subjecting them to trial by military

commission while excluding citizens), Respondents have already noted that the equal-protection

guarantee of the Due Process Clause does not provide an express right not to be tried.  Br. at 32.

Nor has any court found that this claim is worthy of an exception to abstention.  See Hamdan,

565 F.Supp.2d at 133-137.

        Seeking to avoid this conclusion, Petitioner attempts to shoehorn this claim under the

rubric of personal-jurisdiction, [11] asserting that it raises a "substantial question[ ]" akin to that

raised in Councilman.  Opp'n at 14.  As noted supra note 6, the Government disagrees that

Petitioner's equal-protection claim qualifies as a personal-jurisdiction claim.  But even if did,

Petitioner's cannot contend that his equal-protection claim raises a substantial question relevant

to Councilman's narrow, "jurisdictional" exception.  For that contention is foreclosed by the en

banc D.C. Circuit's opinions in Bahlul v. United States, 840 F.3d 757 (D.C. Cir. 2016).  In

Bahlul, the Court rejected the same equal-protection claim that Petitioner raises here per curiam,

id. at 758-759, and none of the opinions suggested that the equal-protection claim raised any

substantial issue.  Four judges found the claim "frivolous." [12]  The two other judges who voted to

---

[11] Petitioner states that "Respondents do not deny that Petitioner's first two claims [including his
equal-protection claim] are limited to personal jurisdiction."  Opp'n at 13.  Petitioner
misrepresents the Government's position.  The Government has never conceded that his equal-
protection claim is one of personal jurisdiction.  To the contrary, the Government took specific
efforts to distinguish this claim from his only personal jurisdiction claim, addressing each
separately and by name.  See e.g. Br. at 32, 33.  To the extent this issue remains in doubt, the
Government now wishes to be clear that Petitioner's equal-protection claim is not a personal-
jurisdiction claim within the meaning of that term as associated with Councilman.

[12] 840 F.3d at 759 (Henderson, J.) (incorporating al-Bahlul v. United States, 792 F.3d 1, 42, 72
(D.C. Cir. 2015) (Henderson, J., dissenting) (noting "frivolous" nature of equal-protection

affirm Bahlul's conviction dismissed the equal-protection claim on plain-error grounds in a single sentence of a concurring opinion. 840 F.3d at 797 (Millett, J.); id. at 804 (Wilkins, J.) (adopting Judge Millett's analysis). The three dissenters did not address the equal-protection claim at all. Accordingly, Petitioner's claim that the MCA violates equal protection by excluding citizens from trial by military commission simply is not substantial enough to warrant an exception to abstention.

Nor does Petitioner's lack-of-counsel claim (that is, the claim that his military commission is holding proceedings in the absence of death-penalty-qualified counsel)[13] warrant an exception. In his opposition, Petitioner renews his criticism of the military-commission judge, and adheres to his position that the judge's actions will constitute reversible error because they prevent Petitioner from fully and fairly litigating his case. Opp'n at 14-17. But Petitioner simply ignores the fact that, when determining whether a defendant will have a full and fair opportunity to litigate a federal issue in a non-Article III system, it is the entire judicial system—including any appellate fora—that must be considered. Br. at 34; see Councilman, 420 U.S. at 758 (emphasizing that the structure of the military court system, including a possible appeal to the civilian-judge-manned Court of Military Appeals, was adequate to protect the rights of service personnel); In re al-Nashiri II, 835 F.3d at 122-123 (emphasizing the integrated military-Article III appellate structure of the MCA military-commission system in finding that system

---

claim)); 840 F.3d at 770 n.12 (Kavanaugh, Brown, & Griffith, JJ.) (same); see also al-Bahlul v. United States, 767 F.3d 1, 75 (D.C. Cir. 2014) (Kavanaugh J., concurring in judgment in part, dissenting in part) (equal-protection claim easily passes rational basis review); id. at 62 (Brown, J.) (joining Judge Kavanaugh's analysis); al-Bahlul, 792 F.3d at 72 (Henderson, J. dissenting) (incorporating Judge Kavanaugh's analysis).

[13] Importantly, the military-commission judge has considered all the relevant facts and ruled that there is no basis for the purported withdrawal of death-penalty-qualified counsel in the commission proceeding. Br. at 13-15 & n. 6.

adequate to protect detainees' rights).   Here, because the Court of Appeals will ultimately be able to review on appeal the actions of the military-commission judge in proceeding without the presence of death-penalty-qualified counsel, the current absence of death-penalty-qualified counsel does not constitute a circumstance entitling Petitioner to an exception from abstention.

Understandably, Petitioner may not wish to await an appeal for a judicial resolution of this claim.   But abstention by this Court does not require him to do so.   He may, as the military-commission judge has suggested, attempt to seek a ruling from the USCMCR or perhaps from the D.C. Circuit, presumably on mandamus or otherwise.   Br. at 15.   Petitioner eschews that option, noting that the issue is one of first impression and, so, presumably does not qualify for the "clear and indisputable" entitlement necessary to justify mandamus.   Opp'n at 16; see In re al-Nashiri II, 835 F.3d at 136 (setting out mandamus standard). But neither Petitioner's reluctance to seek such relief, nor the presumed reason underlying that reluctance, justify asking this Court to ignore the Court of Appeals instruction to abstain.

4.      Lastly, unreasonable delay is not a basis for an exception to abstention.   See Opp'n 17-22.   Just last year, the Court of Appeals expressly refused to decide whether unreasonable delay could justify an exception to abstention.   In re al-Nashiri II, 835 F.3d at 135.   And it is at least doubtful that unreasonable delay could ever do so.   See United States v. MacDonald, 435 U.S. 850, 860-861 (1978) (Speedy Trial-clause violation does not implicate a right not to be tried at all).

Moreover, the Court of Appeals did not find that the delay up to that point would have been sufficient to justify an exception.   During oral argument, Petitioner raised the very argument regarding delay he raises now, and the D.C. Circuit rejected it.   835 F.3d at 134-135. The lapse of one additional year has done nothing to change that position.   Additionally, the

Court of Appeals specifically admonished Petitioner for the speculative nature of his claims regarding future delays.  Id.  The lack of foundation in his opposition for his current claims regarding future delays does little to rebut that criticism here.[14]

In any event, the on-going litigation of Petitioner's case does not evidence any delay that is unreasonable.  Petitioner's current charges have been pending for slightly over six years.  Br. at 8.  In that time, however, Petitioner has filed over 369 motions, and the military commission has held over 72 days of hearings.  Id.  Moreover, from April 2015 through July 2016, Petitioner's military-commission case was stayed at his request while the Government pursued two interlocutory appeals, permitted by the MCA, to the USCMCR.  Br. at 9-10.[15]  Discovery is on-going, but significant progress has been made.  As of September 30, 2016, the Prosecution had completed its review of all information relating to the CIA's former Rendition, Detention, and Interrogation program—by far the heaviest lift in its discovery obligations.  And the military-commission judge has now completed his review and approval of those matters for which summaries, substitutions, and statements of relevant facts were developed by the Government to protect certain classified documents.  See AE 120YYYYYYY (Nov. 13, 2017) ("The RDI discovery is complete. This Commissions has reviewed all material provided by the Government and finds that the Government has met its burden outlined in AE 120AA [the

---

[14] Petitioner bases part of his claim regarding future delays on the present refusal of his death-penalty-qualified counsel to represent him.  Opp'n at 19-20.  Of note, however, in the portion of his opposition devoted to his lack of counsel claim, Petitioner chastises the military-commission judge for not delaying the proceedings pending appointment of new counsel.  Opp'n at 16.

[15]And, after Petitioner had challenged the USCMCR's right to consider those appeals, the USCMCR proceedings were themselves were stayed for almost one year, a stay to which Petitioner did not object.  In re al-Nashiri II, 835 F.3d at 116.  Although this stay ran concurrently with that sought by Petitioner in the underlying military-commission case itself, it necessarily delayed resolution of those appeals.  Moreover, when the Government moved to lift this stay, Petitioner counter-moved to continue the stay.  Id. at 135.

Commission's discovery order of June 2014].").  Consequently, in the six years since charges were referred against Petitioner, this case has not languished, but rather has been quite actively litigated.

Accordingly, Petitioner has provided this Court with no reason to consider delay as a reason to for this Court to lift the stay in this case and reject the instruction of the Court of Appeals in In re Al Nashiri II to abstain from intervening in Petitioner's military-commission proceeding.

## CONCLUSION

For the reasons stated in Respondents' Motion to Dismiss, as supplemented herein, the Government respectfully requests that this Court either dismiss the Second Supplemental Petition or abstain from considering it.

21 December 2017                                        Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JENNIFER D. RICKETTS
Director

TERRY M. HENRY
Assistant Branch Director

   /s/ Ronald J. Wiltsie
RONALD J. WILTSIE (DC 431562)
KRISTINA A. WOLFE
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington D.C. 20530
(202) 307-1401
Fax: (202) 616-8470
ronald.wiltsie@usdoj.gov
**Attorneys for Respondents**